other shoes. The Commission then concluded that, as the shoes were not a requirement for employment, the aggravation of plaintiff's pre-existing foot condition was not due to causes and conditions that are characteristic of and peculiar to the employment and that plaintiff has therefore not suffered an occupational disease arising out of and in the course of the employment.

Our review of the record discloses competent evidence in the record supporting the Industrial Commission's findings of fact. Those findings of fact, in turn, support the Industrial Commission's conclusions of law. Accordingly, we reverse the opinion of the Court of Appeals. *See Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998).

REVERSED.

———————

DAVID ARROWOOD, Petitioner v. N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent

No. 489A00

(Filed 6 April 2001)

**Public Assistance— welfare benefits—limitation—APA rule not required**

The decision of the Court of Appeals is reversed for the reason stated in the dissenting opinion in the Court of Appeals that the N.C. Department of Health and Human Services properly implemented a twenty-four month limitation of Work First benefits pursuant to a waiver by the U.S. Department of Health and Human Services without the promulgation of a rule under the Administrative Procedure Act.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 140 N.C. App. 31, 535 S.E.2d 585 (2000), reversing an order signed 27 May 1999 by Hyatt, J., in Superior Court, Rutherford County. Heard in the Supreme Court 15 March 2001.

**MEDICAL MUT. INS. CO. v. MAULDIN**

[353 N.C. 352 (2001)]

*Pisgah Legal Services, by Curtis B. Venable, for petitioner-appellee.*

*Roy A. Cooper, Attorney General, by Belinda A. Smith, Assistant Attorney General, for respondent-appellant.*

*North Carolina Justice and Community Development Center, by William D. Rowe; and Hunton & Williams, by Charles D. Case and Julie Beddingfield, on behalf of North Carolina Justice and Community Development Center, North Carolina Chapter of the National Organization for Women, North Carolina Hunger Network, Southerners for Economic Justice, and North Carolina Fair Share, amici curiae.*

PER CURIAM.

For the reasons stated in the dissenting opinion by Judge Walker, we reverse the decision of the Court of Appeals.

REVERSED.

───────────────

MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA v. GARY EUGENE MAULDIN, M.D., AND SYLVA ANESTHESIOLOGY, P.A.

No. 222PA00

(Filed 6 April 2001)

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 137 N.C. App. 690, 529 S.E.2d 697 (2000), reversing an order for summary judgment entered 30 September 1998 by Downs, J., in Superior Court, Macon County, and remanding for further proceedings. Heard in the Supreme Court 12 February 2001.

*Roberts & Stevens, P.A., by James W. Williams and Gary T. Bruce, for plaintiff-appellee.*

*Wade E. Byrd; and Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Steven B. Williamson, for defendant-appellants.*

*Clifford Britt, of counsel, North Carolina Academy of Trial Lawyers, amicus curiae.*